Thompson & Horton LLP
ATTORNEYS | COUNSELORS

Houston
Dallas
Austin

Lisa A. Brown
Partner

(713) 554-6741 Office
(713) 583-7934 Fax

lbrown@thompsonhorton.com

THOMPSON & HORTON LLP
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027-7554

September 8, 2026

The Honorable George C. Hanks, Jr.
United States District Judge
601 Rosenberg, 6th Floor
Galveston, Texas 77550

**Via Pacer/ECF and Courtesy Copy via Email: Galveston_cm@txs.uscourts.gov**

Re: *Tatum v. Hartsell, et al.*, C.A. No. 25-cv-5599, in the United States District Court for the Southern District of Texas

Dear Judge Hanks:

We are writing on behalf of Defendants Superior Court of California, County of Los Angeles ("SCLAC") and Commissioner Dennis Hernandez of the Superior Court of California, County of Los Angeles. In accordance with Rule 6.B of the Court's procedures, we submit this letter to request a pre-motion conference to discuss Defendants' proposed Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Defendants' primary arguments are briefly summarized below.

**Factual Background.**

*Pro Se* Plaintiff Michael Patrick Tatum has filed suit over judicial decisions taken in connection with custody and divorce proceedings in California state court. Defendant SCLAC is a state court in California, while Defendant Commissioner Hernandez entered judicial rulings with which Plaintiff disagrees. Plaintiff alleges violations of the First Amendment and Fourteenth Amendment, and he seeks damages and injunctive relief pursuant to 42 U.S.C. § 1983. He has sued multiple other defendants, including Plaintiff's ex-wife, her parents, U.S. District Court Judge Hernán Vera of the Central District of California, and others, claiming retaliatory proceedings and a conspiracy to deprive him of custody of his child, among other claims.

In 2025, prior to filing this lawsuit, Plaintiff filed a lawsuit with nearly identical claims in federal court in the Central District of California. *See Tatum v. Hartsell et al*, C.A. 25-cv-05977-HDV, In the United States District Court, Central District of California ("California federal action"). On August 15, 2025, Judge Vera dismissed the case, abstaining on *Younger v. Harris* grounds and

denying leave to amend. (*See* ECF 46 in the California federal action.) On November 20, 2025, Plaintiff filed the instant suit.

**Grounds for Dismissal**

**(1) No Personal Jurisdiction.** Dismissal is warranted because the Texas "long arm" statute does not authorize jurisdiction over SCLAC, a California court, or Commissioner Hernandez, a California resident and judicial officer of the same court, and neither Defendant has had sufficient contact with the State of Texas to permit personal jurisdiction.

**(2) No Subject Matter Jurisdiction.** The Court lacks subject matter jurisdiction over Plaintiff's claims, all of which relate to the handling of custody and divorce proceedings in California state court. When a federal court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject matter jurisdiction. *See Hooks v. Landmark Indus., Inc*., 797 F.3d 309, 312 (5th Cir. 2015).

In the California federal action, Judge Vera found that abstention was required under *Younger v. Harris*, 401 U.S. 37 (1971), because Plaintiff was attempting to challenge decisions by a California family court regarding Plaintiff's divorce and custody dispute. The same result is appropriate here. Notably, Plaintiff does not allege he has exhausted his state appeals prior to filing the instant case.

Alternatively, the Court must abstain under the *Rooker-Feldman* doctrine because Plaintiff's constitutional claims are inextricably intertwined with the state court dispute. *See generally Sookma v. Millard*, 151 F. App'x 299, 300 (5th Cir. 2005) (affirming dismissal under *Rooker-Feldman* which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments") (citation omitted). Here, Plaintiff is, in essence, collaterally challenging state court decisions and asking this Court to serve as an appellate court. *Rooker-Feldman* bars federal suits seeking review and rejection of state court judgments regardless of whether such judgments are final judgments. *See T.M. v. Univ. of Md. Med. Sys. Corp.*, 146 S.Ct. 1739, 1748-49 (2026). Each of Plaintiff's causes of action against SCLAC and Commissioner Hernandez relates to decisions in a family court proceeding, including decisions relating to the divorce, property division, and child custody and an order declaring Plaintiff to be a vexatious litigator. *See*, *e.g.*, ECF 22, ¶ 27, 77, 330-331.

**(3) Eleventh Amendment Immunity and Judicial Immunity Bar the Claims.** Neither SCLAC nor Commissioner Hernandez (in his official capacity) is a "person" who is subject to suit under 42 U.S.C. § 1983. SCLAC and Commissioner Hernandez in his official capacity are entitled to immunity under the Eleventh Amendment, while Commissioner Hernandez also is entitled to judicial immunity because he was acting in a judicial capacity at all times. Judicial immunity is absolute and applies regardless of how erroneous or injurious the act may have been toward the plaintiff.

T&H



**(4) Claims Are Untimely.** Plaintiff's complaint, on its face, shows that many of the claims are untimely. A two-year statute of limitations applies to Plaintiff's Section 1983 claims. Any claims based on incidents or actions that occurred prior to November 20, 2023, are untimely.

**(5) Injunctive Relief and Punitive Damages Not Available.** Even if the amended complaint stated valid claims against SCLAC or Commissioner Hernandez, injunctive relief and punitive damages are not available under the conditions alleged in the complaint. The Eleventh Amendment bars suits for damages, injunctive relief, and declaratory relief against "a state, an 'arm of the state,' its instrumentalities, or its agencies," and no exceptions apply to Plaintiff's case. Section 1983 further expressly states that in actions against judicial officers, injunctive relief cannot be granted unless a declaratory decree was violated or declaratory relief was unavailable. Defendant's proposed motion to dismiss also will argue that punitive damages are not recoverable against SCLAC or its officials as a matter of law. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). Finally, the motion will argue that Plaintiff lacks standing to assert some of his claims.

**(6) No Authority to Represent a Minor Child.** Plaintiff purports to assert claims on behalf of his child. Plaintiff, who is not a lawyer, cannot appear *pro se* on behalf of his minor child. *See, e.g., Grenet v. State Farm Lloyds*, No. CV H-08-643, 2008 WL 11474888, at *2 (S.D. Tex. July 2, 2008) ("The United States Court of Appeals for the Fifth Circuit has endorsed the principle that a non-attorney parent cannot appear *pro se* on behalf of a minor child.")

**Certificate of Conference**

Prior to filing this letter, we reached out to the Plaintiff to confer about Defendants' anticipated motion to dismiss. We sent a letter on September 2 outlining Defendants' arguments. Plaintiff has not responded to our request for a conference.

In sum, we request a conference regarding Defendants' proposed motion. We are available to participate in a conference with the Court in person, by phone, or via video. Thank you.

Very truly yours,

**THOMPSON & HORTON LLP**

Lisa Brown

Lisa A. Brown

LAB/lp

cc: Counsel of record via PACER and *pro se* parties via email and/or U.S. mail